# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.   **CV 25-9734-JFW(Ex)** | Date:  November 26, 2025 |

Title:    Kexin Tang, et al. -v- Allstate Insurance Company, et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING PLAINTIFFS' MOTION TO REMAND IMPROPERLY REMOVED ACTION TO STATE COURT [filed 11/3/2025; Docket No. 17]

On November 3, 2025, Plaintiffs Kexin Tang and Ryan James Robertson (collectively, "Plaintiffs") filed a Motion to Remand Improperly Removed Action to State Court ("Motion to Remand").  On November 10, 2025, Defendants Allstate Insurance Company; Allstate Indemnity Company; Allstate Northbrook Indemnity Company; Century-National Insurance Company; Direct General Insurance Company; Encompass Insurance Company; Esurance Property and Casualty Insurance Company; First Colonial Insurance Company; Integon National Insurance Company; Integon Preferred Insurance Company; MIC General Insurance Corporation; National Farmers Union Property and Casualty Insurance Company; National General Assurance Company; National General Insurance Company; and National General Premier Insurance Company (collectively, "Defendants") filed their Opposition. On November 17, 2025, Plaintiffs filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for December 1, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

Under 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"), a defendant may remove a class action from state court to federal district court when (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed class member is different from that of any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

CAFA carves out an exception for local controversies, providing that a district court "shall decline to exercise jurisdiction" over a class action which meets the following criteria: (1) more than two-thirds of the proposed plaintiff class "are citizens of the State in which the action was originally filed"; (2) where at least one defendant "from whom significant relief is sought" and "whose alleged conduct forms a significant basis for the claims asserts by the proposed class" is "a citizen of the State in which the action was originally filed"; (3) where the conduct that caused the alleged injuries occurred in the "State in which the action was originally filed"; and (4) during the three-year period before the filing of the action, "no other class action has been filed asserting the same or similar factual allegations against any of the defendants or on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A).

After an action is properly removed pursuant to the jurisdiction conferred in CAFA, the plaintiff bears the burden of demonstrating that the local controversy exception applies. *See Coleman v. Estes Express Lines, Inc.*, 627 F.3d 1096, 1013 (9th Cir. 2010). In its determination of whether the local controversy exception applies, a district court may only consider the allegations of the complaint, and not extrinsic evidence. *See Christmas v. Union Pac. R.R. Co.*, 698 F. App'x 887, 889 (9th Cir. 2017) ("Although district courts may consider other evidence to make jurisdictional decisions with respect to other CAFA provisions, for the purposes of the local controversy exception ' the district court is to look to the complaint *rather* than extrinsic evidence.'" (quoting *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011)). If a plaintiff establishes all of the elements of the local controversy exception, a district court "is required to remand the class action back to the originating state court." *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 928 (9th Cir. 2015).

For the reasons stated in Defendants' Opposition, Plaintiffs' Motion to Remand is **DENIED**. The Court signs, as modified, Defendants' Proposed Statement of Decision on Motion to Remand lodged with the Court on November 19, 2025 (Docket No. 24-1).

IT IS SO ORDERED.